UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONALD J. BERNARD | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO: |
| | * | |
| THE SCOTT LITIGATION GROUP | * | SECTION:    MAG. " " |
| | * | |
| | * | JURY TRIAL REQUESTED |

## COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, comes Donald J. Bernard ("Bernard"), a person of the full age of majority and residing and domiciled in of the State of Nevada who, with respect, represents as follows:

1.

Jurisdiction is based upon diversity of citizenship and requisite jurisdictional amount pursuant to Title 28 U.S.C., Section 1333 et seq.; the amount in controversy exceeds $75,000.00.

2

Made defendant herein is: **The Scott Litigation Group** ("Scott Group") an unincorporated associations of lawyers and law firms who have prosecuted a class action lawsuit entitled *Gloria Scott, et al. vs. The American Tobacco Company, Inc., et al.* that included Gloria Scott as a member of the class. Those lawyers include Stephen P. Bruno, David S. Scalia, Bruno & Bruno, Robert L. Redfearn, Robert L. Redfearn, Jr., Simon, Peragine, Smith & Redfearn, L.L.P., Raul R. Bencomo, Bencomo & Associates, Russ M. Herman, Stephen J. Herman, (formerly) Herman, Herman, Katz & Cotlar, LLP, Stephen B. Murray, Stephen B. Murray, Jr., Murray Law Firm, Walter J. Leger, Jr. Leger & Mestayer, Meyer H. "Mike" Gertler, Louis L. Gertler, Gertler, Gertler, Vincent & Plotkin, L.L.P. New Orleans, LA, Kenneth M.

Carter Kenneth M. Carter, PLC, St. Francisville, LA, Jack M. Bailey, Jr. W. James Singleton, Singleton Law Firm, Shreveport, LA, Daniel E. Becnel, Jr. Law Office of Daniel E. Becnel, Jr., Reserve, LA, Bruce C. Dean, Bruce C. Dean, LLC, Metairie, LA, Paul H. Due', Due', Price, Guidry, Piedrahita & Andrews Baton Rouge, LA, Michael X. St. Martin, St. Martin & Williams, Houma, LA, Calvin C. Fayard, Jr., Fayard & Honeycutt, Denham Springs, LA

3.

Commencing in April 1994, Bernard entered into an attorney-client relationship and undertook to act as counsel in the representation of Gloria Scott, as well as Ryan M. Bernard, Peter C. Bernard, Edris R. Ford, Marlene Ford and Jesse Trask ("Clients") on behalf of Clients, as well as all other African Americans or Black Americans similarly situated, in a class action on account of their addiction to tobacco products.

4.

Bernard undertook legal and factual research and expended costs in preparing the complaint on behalf of the Clients.

5.

On May 5, 1994, the complaint was filed by Bernard with the U.S. District Court for the Eastern District of Louisiana as the matter entitled *Ryan J. Bernard, et al. versus The American Tobacco Company, et al.*, proceeding No. 94-14 98 of said court (the "Bernard Litigation").

6.

Bernard's client, Gloria Scott, was a named plaintiff and putative class representative in the Bernard Litigation.

7.

In May of 1994, it was agreed among Bernard and the managing members of the Castano

Plaintiffs' Litigation Committee ("Castano PLC"), that the interests of the Clients and other members of the proposed class of African American smokers in the Bernard Litigation were represented by the class of American smokers in the class-action entitled *Diane Castano, et al. v. The American Tobacco Company et al.*, proceeding No. 94-1044 of the U.S. District Court for the Eastern District of Louisiana (the "Castano Litigation").

8.

On June 1, 1994, Members of the Executive Committee of the Castano PLC ("Executive Committee") represented to Bernard that if Bernard would dismiss the Bernard Litigation, Gloria Scott would be added as class representatives in the Castano Litigation as part of the class certification process, and upon certification as a class-action, Bernard would participate in the Castano Litigation as a member of the PLC and Bernard would be paid on an equal basis with other committee members.

9.

Based upon the representations of members of the Executive Committee, Bernard dismissed the Bernard Litigation. Gloria Scott was designated as a putative class representative in the Castano Litigation.

10.

Upon the dismissal of the Bernard Litigation, Bernard executed a promissory note in favor of the Castano PLC in the sum of $100,000.00. The Castano PLC designated Bernard as a member of the Castano PLC and issued a PLC identification card to Bernard as credentials showing him to be a member of the Castano PLC.

11.

Bernard immediately began attending meetings and hearings and performing legal and

professional services in the Castano Litigation as a member of the Castano PLC.

12.

Upon information and belief, although the Castano Litigation was not certified as a class action, the Castano PLC viewed Gloria Scott as an ideal representative plaintiff and continued to prosecute the Castano Litigation with Gloria Scott as a representative plaintiff.

13.

Upon information and belief, the Castano PLC continued to prosecute the Castano Litigation with Bernard's client Gloria Scott as a representative client in bringing claims against the tobacco companies on behalf of persons addicted to tobacco smoke.

14.

Bernard continued to rely upon the representations of members of the Executive Committee that Bernard was a member of the Castano PLC and to act to represent the Clients in the course of the Castano Litigation, including attended meetings of the Castano PLC, and traveled at his expense as a member of the Castano PLC.

15.

At no time did any member of the Castano PLC advise Bernard that he was not a member of the Castano PLC.

16.

At no time did the Castano PLC cease treating Gloria Scott as a representative plaintiff in the Castano Litigation.

17.

On May 23, 1996 the U.S. Fifth Circuit Court of Appeals denied class certification in *Castano v. American Tobacco Co.*, 84 F.3d 734 (C.A.5 (La.)), 1996 with instructions to dismiss

the case.

18.

On May 24, 1996, as a result of orders and decisions in the Castano Litigation, the members of the Scott Group, the majority of whose members were also members the Castano PLC, filed the lawsuit in the Civil District Court for the Parish of Orleans entitled *Gloria Scott, et al. vs. The American Tobacco Company, et al.*, No 96-8461 on the docket of said court (the "Scott Litigation") as a class action lawsuit on behalf of Gloria Scott, Deania M. Jackson, and other persons addicted to tobacco smoking.

19.

Bernard's Client, Gloria Scott, was named as one of two putative class representatives in the Scott Litigation.

20.

After litigation and appeals, the class in the Scott Litigation was eventually certified and a jury verdict entered in the Scott Litigation.

21.

After further appeals, on June 27, 2011, the trial court (The Civil District Court for the Parish of Orleans or "CDC") adopted the Opinion of the Louisiana Fourth Circuit Court of Appeal and a final judgment entered in the Scott Litigation for $241,540,488 plus legal interest of $37,180,302.55 for a total of $278,720,790.55

22.

The tobacco companies defendants in the Scott Litigation then unsuccessfully pursued appeals through the federal court system.

23.

On July 26, 2011, the [Scott] Smoking Cessation Trust agreement was executed.

24.

Upon information and belief, on August 1, 2011 the tobacco companies defendants in the Scott Litigation paid $278,720,790.55 paid into the registry of the CDC.

25.

On May 10, 2012:

(i) the named tobacco companies (as "Defendants");

(ii) Deania Jackson and the members of the certified class as ("Plaintiffs"); and

(iii) "any and all attorneys who have prosecuted the Scott action, including all attorneys who seek attorneys' fees and costs and expenses for the prosecution of the Scott action, including members of the Castano Plaintiffs Legal Committee and members of the Scott Litigation Group" (as "Class Counsel"),

entered into a settlement Agreement (the "May 10 Agreement"), a copy of which is attached hereto as Exhibit "A" and incorporated herein by reference, for the payment of $114,275,524 in attorney's fees to the Class Counsel.

26.

Bernard comes within the definition of "Class Counsel" in the May 10 Agreement, defined as "any and all attorneys who have prosecuted the Scott action, including all attorneys who seek attorneys' fees and costs and expenses for the prosecution of the Scott action, including members of the Castano Plaintiffs Legal Committee and members of the Scott Litigation Group" and should have been included in the past, present, and future fee distributions among Class Counsel.

27.

At all material times herein, Bernard was a joint venturer with the members of the Scott

Group. They pooled their resources and continued to hold out Bernard's Client, Gloria Scott, as a representative plaintiff in all litigation and other matters. As such, each joint venture was entitled to a equal share of all profits. As a joint venture or special partner owner, Bernard maintained an ownership interest in past, present and future profits from these joint ventures,

28.

From mid to late 1996 through the present, the Castano PLC and Scott Group breached their contractual and fiduciary obligations to Bernard, who was a joint venturer or special partner in their endeavors and entitled to share in the fruits thereof.

29.

Bernard respectfully requests this court to grant a declaratory judgment ruling that Bernard is a joint venturer or special partner with the other members of the Scott Group pursuant to La. C.C. Art. 2801, in all aspects of the representation of the plaintiffs in the Scott Litigation and has a joint ownership interest in the settlements, including but not limited to share as a member of the Class Counsel under the May 10 Agreement.

30.

As a joint venture or special partner, Bernard is entitled to all rights of a partner, including but not limited to, rights conferred under Louisiana Civil Code Articles 2803 and 2813. Particularly, Bernard is entitled to an award of damages for an equal share of all fees and economic benefits paid to the members of the Scott Group.

31.

In the alternative, Bernard is entitled to declaratory judgment ruling that Bernard and the Scott Group were joint venturers or special partners and that all revenue generated from the Scott Litigation and settlements, including the May 10, 2012 Agreement (Exhibit "A"), and all other

past and present distributions of profits, including fees, and that Bernard, as a joint venturer or special partner, is entitled, in absence of an agreement to the contrary, to an equal share of all profits and fees.

32.

The Scott Group is liable to Bernard under Louisiana Civil Code Article 2809, for breach of contract and breach of fiduciary duty for all actions taken and for all efforts to harm his rights to revenues generated by their joint venture or special partnership.

33.

In the alternative, in the event that the Court were to find that the Scott Group is not liable to Bernard under any of the above-mentioned theories, then the Scott Group is liable to Bernard under the doctrine of unjust enrichment insofar as the undertakings with Bernard's Client as a representative plaintiff significantly enriched the Scott Group unjustly.

34.

The Scott Trust began disbursing funds on August 1, 2011, continues to disburse at the present time, and will continue to disburse funds until 2022.

35.

On information and belief, the distributions to Class Counsel, including attorney fees and costs have been partially disbursed and presently continues to be disbursed to various members of the Scott Group.

36.

To date, Bernard has not received any compensation for his representation of Gloria Scott and his participation as a member of the joint venture or special partnership.

WHEREFORE, petitioner, Donald J. Bernard, prays that defendants, the Scott Group,

whose members are named in paragraph No. 2 herein above, be served with a copy of this petition and they be duly cited to appear and answer same, and that after due proceedings had, there be judgment herein in favor of petitioner, Donald J. Bernard, and against defendants, the Scott Group, jointly, severally, proportionately and in solido, for such monetary damages in the amount of an equal share of all distributions to the Scott Group, past, present, and future; for such other damages as are reasonable in the premises of this action; together with legal interest thereupon from the date of judicial demand until paid.

Bernard further prays for a declaratory judgment, recognizing his status as a joint venture or special partner of the Scott Group, and, as such, entitled to a pro rata share of the attorney fees, damages and costs which have been awarded and recognized to date.

In the alternative, Bernard further prays in the event that the Court were to find that the Scott Group is not liable to Bernard under any of the above-mentioned theories, then the Scott Group is liable to Bernard under the doctrine of unjust enrichment insofar as the undertakings with Bernard's Client as a representative plaintiff significantly enriched the Scott Group unjustly.

Petitioner prays for all general and equitable relief, and prays for **TRIAL BY JURY**.

Respectfully submitted by:

/s/ John M. Robin

JOHN M. ROBIN, LA. BAR NO. 11341
600 COVINGTON CENTER
COVINGTON, LOUISIANA 70433
TELEPHONE: (985) 893-0370
FAX: (985) 893-2511
johnmrobin@johnmrobinlaw.com

**SERVICE VIA WAIVER OF SERVICE:**
**The Scott Litigation Group**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DONALD J. BERNARD** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO:** |
| | * | **SECTION:** |
| **CASTANO PLAINTIFFS' LEGAL** | * | |
| **COMMITTEE, SCOTT LITIGATION** | * | **MAG. " "** |
| **GROUP, CELESTE A. GAUTHIER (A** | * | |
| **PROFESSIONAL LAW CORPORATION) AND** | * | **JURY TRIAL REQUESTED** |
| **THE ESTATE OF WENDELL H. GAUTHIER** | * | |

**********************************************

## VERIFICATION

**STATE OF NEVADA**

**COUNTY OF** Clark

**BEFORE ME,** the undersigned Notary Public, duly commissioned, qualified and acting in and for the County of Clark, State of Nevada, therein residing, personally came and appeared:

### DONALD J. BERNARD

who, after being duly sworn, did depose and state that he is the plaintiff in the above entitled matter and he certifies that all of information contained in the COMPLAINT is true and correct to the best of his knowledge, information and belief. The allegations are true and correct and have instructed

my attorney, John M. Robin to file the suit.

*[signature]*
**DONALD J. BERNARD**

Sworn to and subscribed
before me, Notary,
this 16 day of February 2016.

*[signature]*
**NOTARY PUBLIC**

LYNN T. WADE
Notary Public, State of Nevada
Appointment No: 10-3042-1
My Appt. Expires Jun 1, 2018