UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD J. BERNARD,**<br>     Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-1314** |
| **SCOTT LITIGATION GROUP,**<br>     Defendant | **SECTION: "E" (1)** |

## ORDER

Before the Court is a motion for judgment on the pleadings filed by Defendant, Scott Litigation Group.[1] The motion is brought pursuant to Federal Rule of Civil Procedure Rule 12(c). The motion is opposed.[2]

The standard for deciding a Rule 12(c) motion for judgment on the pleadings is the same as the standard for deciding a motion under Rule 12(b)(6).[3] Under Rule 12(b)(6), and thus under Rule 12(c), "[t]o avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[4] "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'"[5] "In deciding whether the complaint states a valid claim for relief, we accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff."[6] "We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."[7]

---

[1] R. Doc. 22.
[2] R. Doc. 24.
[3] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). *See also Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010).
[4] *In re Great Lakes Dredge & Dock Co., LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[5] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[6] *Id.* (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)) (internal quotation marks omitted).
[7] *Id.* (citations and internal quotation marks omitted).

The Defendant argues the Plaintiff's claims for breach of a fiduciary duty by an unincorporated association or for wrongful distribution from an unincorporated association are governed by Louisiana Revised Statutes section 12:1502.[8] Section 12:1502 mandates a three-year prescription period, which the Defendant argues has expired.[9] The Defendant further argues that to the extent the Plaintiff brings a claim against the Castano Plaintiff's Litigation Committee ("Castano PLC"), he has not named the Castano PLC as a defendant.[10] With respect to the Plaintiff's claims against the Scott Litigation Group, the Defendant argues the Plaintiff has not alleged that he had any contract or agreement—joint venture or otherwise—with the Scott Litigation Group.[11] The Defendant contends the Castano PLC and the Scott Litigation Group are separate and distinct associations, and the Plaintiff has not alleged facts that the Scott Litigation Group is a "successor in interest" to the Castano PLC.[12]

The Plaintiff's opposition memorandum and sur-reply in opposition reference factual allegations not included in the original and amended complaints. For instance, in his opposition memoranda, the Plaintiff contends the Scott Litigation Group is a "successor in interests" to the Castano PLC.[13] The Court construes the new factual allegations as a motion to file an amended complaint.[14] Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of

---

[8] R. Doc. 22.
[9] LA. REV. STAT. 12:1502.
[10] R. Doc. 29 at 1.
[11] R. Doc. 29 at 1.
[12] R. Doc. 29 at 2.
[13] R. Doc. 24 at 1.
[14] *See Morin v. Moore*, 309 F.3d 316, 323 (5th Cir. 2002) ("This Court has held, that in the interest of justice a revised theory of the case set forth in the plaintiff's opposition should be construed as a motion to amend the pleadings filed out of time and granted by the district court pursuant to the permissive command of Rule 15.") (citing *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972)); *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008) (citing with approval cases in which the district court construed new allegations in opposition memorandum as motion to amend under Rule 15(a)).

granting leave to amend."[15] A district court must possess a "substantial reason" to deny a motion under Rule 15(a).[16] No such reason exists in this case.

The Plaintiff alleges he was a member of a joint venture with the Scott Litigation Group.[17] Under Louisiana law, "the essential elements of a joint venture are generally the same as those of partnership, i.e., two or more parties combining their property, labor, skill, etc. in the conduct of a venture for joint profit, with each having some right of control."[18] Because the crux of the Plaintiff's claim is that he engaged in a joint venture agreement with the Scott Litigation Group, he must amend his complaint to allege—with specific citation to the basis of his claim under Louisiana partnership law—the specifics of that relationship.

First, the Plaintiff must amend his complaint to allege specifically of which joint venture or ventures he was a partner. The Plaintiff must identify the other partners to each joint venture, specify the object of the joint venture, state when the joint venture existed, and describe the current status of the joint venture. If the Plaintiff is alleging he was a partner in a joint venture with both the Castano PLC and the Scott Litigation Group, he must separately allege facts to support his contention that he was a member of each one.

Second, pursuant to Louisiana law, the Plaintiff must allege the requisites of a joint venture or partnership existed with respect to each joint venture of which he claims to be

---

[15] *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (internal quotation marks omitted).
[16] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). In deciding whether to grant leave under Rule 15(a), courts may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones v. Robinson Prop. Grp.*, LP, 427 F.3d 987, 994 (5th Cir. 2005).
[17] R. Doc. 1 at 6–7, ¶ 27.
[18] *Cajun Elect. Power Co-op., Inc. v. McNamara*, 452 So. 2d 212, 215 (La. Ct. App. 1 Cir. 5/30/84), *writ denied*, 458 So. 2d 123 (La. 1984).

a member. In *Cajun Electric Power Cooperative v. McNamara*, the court listed the following seven requisites of a joint venture or partnership:

1. A contract between two or more persons;[19]
2. A juridical entity or person is established;
3. Contribution by all parties of either efforts or resources;
4. The contribution must be in determinate proportions;
5. There must be joint effort;
6. There must be a mutual risk vis-a-vis losses;
7. There must be a sharing of profits.[20]

Third, if the Plaintiff alleges the Scott Litigation Group is a "successor in interest" of the Castano PLC, he must allege sufficient facts to establish the relationship between the two entities. The Plaintiff must allege when and how the Scott Litigation Group succeeded to the interests of the Castano PLC. The Plaintiff must also cite the Louisiana law that governs the nature of the relationship between the Castano PLC and the Scott Litigation Group.

Fourth, the Plaintiff must clearly set out all causes of action for which he seeks relief and against which entity he asserts each claim, specifying the basis for each cause of action under Louisiana Law.[21] The Plaintiff must specifically set forth the damages sought under each cause of action.[22]

---

[19] The Plaintiff alleges he was a joint venture with the Scott Litigation Group. The amended complaint should set out the terms of the contract between the Plaintiff and the Scott Litigation Group.

[20] *Cajun Elect. Power Co-op.*, 452 So. 2d at 215.

[21] The Civil Code articles with respect to partnership are found in articles 2801 through 2844. The Civil Code articles with respect to conventional obligations are found in Title IV of Book III, beginning with article 1906.

[22] If the Plaintiff is asserting claims against the Castano PLC, he must name the Castano PLC as a defendant and make factual allegations sufficient to support his claims.

Finally, the Plaintiff must allege facts sufficient to address the arguments in the Defendant's motion for judgment on the pleadings[23] and reply in support, including that any claims Plaintiff may have had are prescribed.[24]

Accordingly;

**IT IS ORDERED** that Plaintiff file an amended complaint in accordance with this order no later than **January 16, 2017**, at **5:00 p.m.**

**IT IS FURTHER ORDERED** that if the Plaintiff files on or before January 16, 2017 an amended complaint in accordance with this order, the motion for judgment on the pleadings will be dismissed without prejudice.

**New Orleans, Louisiana, this 29th day of December, 2016.**

*[signature: Susie Morgan]*

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[23] R. Doc. 22.
[24] R. Doc. 29.