UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD J. BERNARD,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-1314** |
| **SCOTT LITIGATION GROUP,**<br>    **Defendant** | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court is a motion for sanctions filed by Defendant Scott Litigation Group.[1] Plaintiff Donald Bernard ("Bernard") opposes the motion.[2] For the following reasons, the motion for sanctions is **DENIED**.

Defendant Scott Litigation Group seeks sanctions against Bernard under Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927, arguing: (1) Bernard did not have any contract with the Scott Litigation Group, (2) Bernard did not render meaningful services to the *Scott* lawsuit, (3) Bernard did not seek to be appointed to serve as Class Counsel in the *Scott* litigation, and (4) Bernard did not assert a claim, lien, or other demand for fees from the Scott Litigation Group.[3]

Under Rule 11 of the Federal Rules of Civil Procedure, attorneys certify that filings presented to the Court are not being made for an improper purpose, the claims are warranted by existing law or by a nonfrivolous argument for extending the law, the factual allegations have evidentiary support, and the denial of factual contentions are warranted

---

[1] R. Doc. 23.
[2] R. Doc. 25.
[3] R. Doc. 23-1.

on the evidence or are reasonably based on a belief or lack of information.[4] "A sanction under Rule 11 is an extraordinary remedy, one to be exercised with extreme caution."[5]

The Defendant also contends Bernard's filing of this lawsuit is unreasonably vexatious under 28 U.S.C. § 1927. Section 1927 states: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[6] For a Court to impose sanctions under section 1927, the conduct must be both unreasonable and vexatious.[7] "This requires that there be evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court."[8] Because section 1927 is punitive in nature, it must be strictly construed against the party seeking sanctions.[9]

Bernard argues the filing of this lawsuit violates neither Rule 11 nor section 1927.[10] He presents the original petition of the *Scott* litigation, which lists his name and address among the counsel of record for the plaintiffs.[11] The petition also states the pleading is submitted by "Counsel for Plaintiffs, and on behalf of all counsel who are members of the Castano Plaintiffs' Litigation Committee which was previously approved in Dianne Castano, et al. v. The American Tobacco Company, et al."[12] The Court finds Bernard's

---

[4] FED. R. CIV. P. 11.
[5] *Mark's Airboats, Inc. v. Thibodaux*, No. 6:13-0274, 2015 WL 1467097, at *2 (W.D. La. Mar. 27, 2015) (quoting *SortiumUSA, LLC v. Hunger*, No. 3:11-cv-1656-M, 2014 WL 1080765, at *3 (N.D. Tex. Mar. 18, 2014)).
[6] 28 U.S.C. § 1927.
[7] *Edwards v. General Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998).
[8] *Id.*
[9] *See id.*; *Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir. 1991).
[10] R. Doc. 25.
[11] R. Doc. 25-4 at 30.
[12] *Id.* at 31.

filing of this lawsuit was based on a plausible legal theory. "[A] trial court should not impose Rule 11 sanctions for advocacy of a plausible legal theory . . . ."[13] Nor is Bernard's conduct of such an unreasonable and vexatious nature as to give rise to sanctions under section 1927, because the Scott Litigation Group does not present evidence of bad faith, improper motive, or reckless disregard of Bernard's duty owed to the Court.

The Court finds that, in light of the foregoing, Bernard's conduct is not sanctionable under Rule 11 or 28 U.S.C. § 1927. The Defendant's motion for sanctions is **DENIED**.

**New Orleans, Louisiana, this 12th day of January, 2017.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[13] *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 989 F.2d 791, 794 (5th Cir. 1993).