UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD J. BERNARD,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  16-1314** |
| **SCOTT LITIGATION GROUP,**<br>    **Defendant** | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court is a renewed motion for judgment on the pleadings filed by Defendant, Scott Litigation Group.[1] On February 16, 2016, the Plaintiff, Donald Bernard, filed his complaint before this Court.[2] On August 24, 2016, the Defendant filed a motion for judgment on the pleadings, seeking to dismiss all of the Plaintiff's claims.[3] On December 29, 2016, the Court ordered the Plaintiff to amend his complaint.[4] The Plaintiff filed his second amended complaint,[5] and the Court dismissed without prejudice the Defendant's motion for judgment on the pleadings.[6] The Defendant filed a renewed motion for judgment on the pleadings with respect to the Plaintiff's second amended complaint.[7] The motion is brought pursuant to Federal Rule of Civil Procedure Rule 12(c). The motion is opposed.[8]

## BACKGROUND

Plaintiff Donald Bernard seeks attorneys' fees for his alleged involvement in two class-action lawsuits. In April 1994, Plaintiff was the attorney for Gloria Scott, and

---

[1] R. Doc. 42.
[2] R. Doc. 1. The Plaintiff filed an amended complaint with a jury demand on July 21, 2016. R. Doc. 15.
[3] R. Doc. 22.
[4] R. Doc. 37.
[5] R. Doc. 39.
[6] R. Doc. 40.
[7] R. Doc. 42.
[8] R. Doc. 44.

1

undertook to act as counsel in the representation of a class of African-American smokers regarding their addiction to tobacco products (the "Bernard Litigation").[9] Plaintiff filed the Bernard Litigation with his client Gloria Scott as class representative.[10]

Around the same time as the filing of the Bernard Litigation, a group of attorneys filed the Castano Litigation, a class action against many of the same tobacco companies.[11] The executive committee of the Castano Plaintiffs' Litigation Committee ("Castano PLC") represented to the Plaintiff that if he would dismiss his litigation, his clients could become a part of the Castano Litigation, and upon certification of the class action, the Plaintiff would become a member of the Castano PLC.[12] Even though the Castano Litigation was eventually decertified, Plaintiff alleges he became a member of the Castano PLC.[13]

The day after the Fifth Circuit vacated the partial class certification in the Castano PLC, a group of lawyers formed the Scott Group and filed a lawsuit (the "Scott Litigation"), using Plaintiff's client—Gloria Scott—as the representative plaintiff.[14] The Scott Litigation was eventually certified as a class action, and was awarded a final judgment in the amount of $241,540,488 plus legal interest of $37,180,302.[15]

Plaintiff alleges he is "class counsel" for the Scott Litigation Group, and is therefore entitled to payment of attorneys' fees.[16] "Class counsel" is defined in the May 10, 2012 Agreement as "any and all attorneys who have prosecuted the Scott action, including all attorneys who seek attorneys' fees and costs and expenses for the prosecution of the Scott

---

[9] R. Doc. 39 at 4.
[10] *Id.* at 5.
[11] *Id.*
[12] *Id.* at 5–6, 8–9.
[13] *Id.* at 10, 14.
[14] *Id.*
[15] *Id.* at 16, 20.
[16] *Id.* at 21.

action, including members of the Castano Plaintiffs Legal Committee and members of the Scott Litigation Group."[17] The Plaintiff alleges even though he was a member of the Castano PLC, he received no compensation from the Scott Litigation Group.

The Plaintiff filed the instant suit on February 16, 2016, asserting four causes of action against the Scott Litigation Group: (1) breach of contract; (2) breach of fiduciary duty; (3) detrimental reliance; and (4) unjust enrichment. Plaintiff seeks $6,722,089.65 in damages.

The Defendant filed its renewed motion for judgment on the pleadings, arguing Plaintiff's claims have prescribed on their face. The Court will address each of the Plaintiff's causes of action in turn.

## LEGAL STANDARD

The standard for deciding a Rule 12(c) motion for judgment on the pleadings is the same as the standard for deciding a motion under Rule 12(b)(6).[18] Under Rule 12(b)(6), and thus under Rule 12(c), "[t]o avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[19] "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'"[20] "In deciding whether the complaint states a valid claim for relief, we accept all well-pleaded facts as true and construe the complaint in the

---

[17] R. Doc. 39-5 at 2.
[18] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). *See also Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010).
[19] *In re Great Lakes Dredge & Dock Co., LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[20] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

light most favorable to the plaintiff."[21] "We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."[22]

## LAW AND ANALYSIS

### I. **Breach of Contract**

The Plaintiff alleges "The Scott Group is the successor to the Castano PLC with which Bernard entered into a valid contract" and "Bernard never received any compensation from either the Castano PLC or the Scott Litigation Group, which is a breach of their contractual obligations."[23]

The Defendant seeks dismissal of the Plaintiff's claim for breach of contract, arguing the claim has prescribed. The Defendant argues the three-year prescriptive period of Louisiana Revised Statutes section 12:1502 should apply to Plaintiff's breach of contract claim[24] because the Plaintiff alleges the Scott Litigation Group is an unincorporated association.[25] Section 12:1502 applies to actions for damages against business organizations—including unincorporated associations[26]—for "unlawful distribution, return of an unlawful distribution, or for breach of fiduciary duty, including without limitation an action for gross negligence."[27] The statute does not mention claims for breach of contract against an unincorporated association.

The Court finds Plaintiff's claim for breach of contract is not governed by section 1502, but is instead governed by Louisiana Civil Code article 3499. Article 3499 provides: "Unless otherwise provided by legislation, a personal action is subject to a liberative

---

[21] *Id.* (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)) (internal quotation marks omitted).
[22] *Id.* (citations and internal quotation marks omitted).
[23] R. Doc. 39 at 24, ¶ 77(a).
[24] R. Doc. 42-1.
[25] R. Doc. 39 at 1, ¶ 2.
[26] LA. REV. STAT. ANN. § 12:1502(B).
[27] *Id.* § 12:1502(C).

4

prescription of ten years."[28] "Breach of contract claims are personal actions subject to a prescriptive period of ten years."[29]

The Defendant entered into an agreement with respect to the attorneys' fees in question on May 10, 2012.[30] The fees were approved on December 20, 2012; were divided among the members of the Scott Litigation Group on December 28, 2012; and were distributed on February 13, 2013. Presumably, the Plaintiff alleges the breach of contract occurred on February 13, 2013, when the fees were distributed, but he received no compensation. Therefore, Plaintiff's action for breach of contract is timely, because it was brought within ten years of the alleged breach.

**IT IS ORDERED** that the Defendant's motion for judgment on the pleadings with respect to Plaintiff's claim for breach of contract is **DENIED**.

II. **Breach of Fiduciary Duty**

The Plaintiff alleges "the Scott Group, successor to the Castano PLC, as partners and/or joint venturers with Bernard, owed Bernard a duty to keep Bernard informed as to the progress of the Castano and the Scott Litigation, as well as to its resolution."[31] The Plaintiff further alleges the Defendant "violated [its] fiduciary duty to plaintiff by not keeping him informed of the progress."[32]

The Defendant argues the Plaintiff's claims for breach of a fiduciary duty by an unincorporated association or for wrongful distribution from an unincorporated association are governed by Louisiana Revised Statutes section 12:1502.[33] Section 12:1502

---

[28] LA. CIV. CODE art. 3499.
[29] *Hotard's Plumbing, Elec. Heating & Air, Inc. v. Monarch Homes, LLC*, 188 So. 3d 391, 394 (La. Ct. App. 5 Cir. 3/16/16).
[30] R. Doc. 39-5.
[31] R. Doc. 39 at 24, ¶ 77(b).
[32] *Id.*
[33] R. Doc. 22.

5

mandates a three-year prescription period for a claim for breach of fiduciary duty, which the Defendant argues has expired.[34]

The Defendant is correct that section 12:1502 applies to actions for damages against business organizations—including an unincorporated association—for breach of a fiduciary duty.[35] Therefore, the Plaintiff's cause of action for breach of fiduciary duty should have been brought within three years of the breach.[36] Regardless of whether the breach occurred on May 10, 2012 (when the members of the Scott Litigation Group entered into an agreement for payment of attorneys' fees); December 20, 2012 (when the fees were approved); December 28, 2012 (when the fees were divided among the members of the Scott Litigation Group); or February 13, 2013 (when the fees were distributed), the Plaintiff's cause of action for breach of fiduciary duty has prescribed. Pursuant to section 12:1502, the Plaintiff had until February 13, 2016 to bring his action for breach of fiduciary duty. Plaintiff did not file this action until February 16, 2016.

**IT IS ORDERED** that the Defendant's motion for judgment on the pleadings with respect to Plaintiff's claim for breach of fiduciary duty is **GRANTED**. The Plaintiff's claim for breach of fiduciary duty is **DISMISSED WITH PREJUDICE**.

### III.   Detrimental Reliance

Plaintiff brings a claim against the Defendant for detrimental reliance under Louisiana Civil Code article 1967. Plaintiff alleges "The Scott Group, successor to the Castano PLC, obligated themselves to [] Bernard for a share of the attorney fees and costs resulting from the recovery by the Castano PLC and/or the Scott Litigation Group."[37]

---

[34] LA. REV. STAT. § 12:1502.
[35] *Id.* § 12:1502(C).
[36] *Id.*
[37] R. Doc. 39 at 25, ¶ 77(d).

First, the Court must determine whether Plaintiff's claim for detrimental reliance has prescribed.

A claim for detrimental reliance can sound in either contract or tort.[38] Delictual actions are subject to a prescriptive period of one year, while contractual actions are subject to a ten-year prescriptive period.[39] "The prescriptive period is not determined by the label of the cause of action but by the nature of the transaction and the underlying basis of the claim."[40] "The classical distinction between contractual and delictual damages is that the former flow from an obligation contractually assumed by the obligor, whereas the latter flow from a violation of general duty owed by all persons."[41]

The Fifth Circuit has applied both one-year and ten-year prescriptive periods to detrimental reliance claims.[42] For example, in *Stokes v. Georgia-Pacific Corp.*, the Fifth Circuit concluded that a ten-year prescriptive period for actions on contracts applied to the plaintiff's detrimental reliance claim.[43] The court noted that Louisiana Civil Code article 1967, the article governing detrimental reliance claims, appears in Book III, Title IV, titled "Conventional Obligations or Contracts," of the Louisiana Civil Code.[44] The Fifth Circuit also explained that "the eminent scholar who directed the drafting of the new articles expressly places detrimental reliance in the contract realm."[45] In *Copeland v. Wasserstein, Perella & Co.*, on the other hand, the Fifth Circuit affirmed application of a

---

[38] *Keenan v. Donaldson, Lufkin & Jenrette, Inc.*, 575 F.3d 483, 487 (5th Cir. 2009); *Copeland v. Wasserstein, Perella & Co.*, 278 F.3d 472, 479 (5th Cir. 2002).
[39] *See* La. Civ. Code arts. 3492, 3499; *First La. Bank v. Morris & Dickson, Co., LLC*, 45,668 (La. App. 2 Cir. 11/3/10), 55 So. 3d 815, 825.
[40] *Id.* (internal quotation marks omitted).
[41] *Terrebonne Par. Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 886 (5th Cir. 2002).
[42] *Keenan*, 575 F.3d at 487.
[43] *Stokes v. Georgia-Pac. Corp.*, 894 F.2d 764, 770 (5th Cir. 1990).
[44] *Id.*; *see also* LA. CIV. CODE art. 1967.
[45] *Stokes*, 894 F.2d at 770 (citing Saul Litvinoff, *Still Another Look at Cause*, 48 LA. L. REV. 3, 27–28 (1987)).

one-year prescriptive period for the plaintiff's detrimental reliance claim.[46] In *Copeland*, the plaintiff alleged that the defendant, a financial adviser, fell short of the standard of care among financial advisers, a claim the court described as "quintessentially delictual."[47]

The Court finds that Plaintiff's detrimental reliance claim is "derive[d] from a breach of promise, like *Stokes*, rather than a breach of duty, like *Copeland*."[48] The Court finds that Plaintiffs' detrimental reliance claim is contractual in nature and subject to a ten-year prescriptive period.[49] Therefore, the Plaintiff's detrimental reliance claim has not yet prescribed.

The Court must now determine whether the Plaintiff sufficiently alleged a cause of action for detrimental reliance. To establish detrimental reliance in Louisiana, the Plaintiff has the burden of proving three elements by a preponderance of the evidence: "(1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance."[50] Such a claim is not favored in Louisiana, and it is therefore difficult to recover under the theory.[51]

The first element of a detrimental reliance claim is that there must first be a representation or promise. A "representation" is conduct or a statement that was made in such a manner that the promisor "should have expected the promisee to rely on it."[52] The alleged representations made to the Plaintiff were the "promises to include him as a member of the Castano PLC and to share in the fees and costs in consideration of his

---

[46] *Copeland*, 278 F.3d at 479–80.
[47] *Id.*
[48] *Keenan*, 575 F.3d at 487.
[49] *See Murphy*, 170 So. 3d at 379–80.
[50] *Suire v. Lafayette City-Parish Consol. Gov't*, 907 So. 2d 37, 59 (La. 2005); La. Civ. Code art. 1967.
[51] *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 334 (5th Cir. 2007).
[52] *Suire*, 907 So. 2d at 59.

dismissing the Bernard Litigation and providing his clients . . . as additional representative plaintiffs of the Castano Litigation."[53] The Plaintiff has sufficiently alleged there existed a representation for the purposes of his detrimental reliance claim.

Further, to succeed on a claim for detrimental reliance, there must not only be a representation, but the plaintiff's reliance on the representation must be reasonable.[54] To be reasonable, "[t]he representation upon which plaintiff relies must not be vague and plaintiff's reliance cannot simply be based on assumption."[55] Plaintiff alleges "[w]hen Bernard dismissed the Bernard Litigation, Bernard relied on the promises to include him as a member of the Castano PLC and to share in the fees and costs in consideration of his dismissing the Bernard Litigation and providing his clients . . . as additional representative plaintiffs of the Castano Litigation."[56] The Plaintiff sufficiently alleged he reasonably relied on the Defendant's alleged representations.

Finally, the Plaintiff must show the reliance on the Defendant's promises caused him some change of position or damage. The Plaintiff alleges he is "seeking damages in the amount of $6,722,089.65 for breach of the agreement to share in the fund resulting from the payment of the fees and costs" and alternatively alleges his share of the fund should be equal to the shares received by other members of the Scott Litigation Group.[57]

Accordingly, the Court finds the Plaintiff has sufficiently alleged facts to support a contractual claim for detrimental reliance. As a result, the Plaintiff's claim for detrimental reliance survives the Defendant's motion.

---

[53] R. Doc. 39 at 25–26, ¶ 77(d).
[54] *Suire*, 907 So. 2d at 59.
[55] *Active Mortg., LLC v. Trans Union, LLC*, 2010 WL 4627730, at *4 (M.D. La. Nov. 4, 2010).
[56] R. Doc. 39 at 25–26, ¶ 77(d).
[57] *Id*.

9

**IT IS ORDERED** that the Defendant's motion for judgment on the pleadings with respect to Plaintiff's claim for detrimental reliance is **DENIED**.

IV. **Unjust Enrichment**

Louisiana Civil Code article 2298—Louisiana's unjust enrichment article—provides as follows:

> A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.[58]

Louisiana courts have interpreted article 2298 to require the following elements to establish an unjust enrichment claim: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) an absence of "justification" or "cause" for the enrichment or impoverishment; and (5) the absence of any remedy at law.[59]

One of the required elements for a successful unjust enrichment claim is that "'there is no other remedy at law, i.e., the action is subsidiary or corrective in nature.'"[60] The Louisiana Supreme Court has stated that "[t]he unjust enrichment remedy is 'only applicable to fill a gap in the law where no express remedy is provided,'"[61] and "[t]he mere fact that a plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment."[62]

---

[58] LA. CIV. CODE art. 2298.
[59] *Baker v. Maclay Properties Co.*, 648 So. 2d 888, 897 (La. 1995) (citing *Minyard v. Curtis Products, Inc.*, 205 So. 2d 422, 432 (La. 1967)).
[60] *Drs. Bethea, Moustoukas & Weaver LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 407 (5th Cir. 2004) (quoting *Minyard*, 205 So. 2d at 432).
[61] *Walters v. MedSouth Record Mgmt., LLC*, 38 So. 3d 241, 242 (La. 2010) (per curiam) (quoting *Mouton v. State*, 525 So. 2d 1136, 1142 (La. App. 1 Cir. 1988)).
[62] *Id.*; *see also JP Mack Indus. LLC v. Mosaic Fertilizer, LLC*, 970 F. Supp. 2d 516, 521–22 (E.D. La. 2013).

The Plaintiff has pleaded causes of action for breach of contract, breach of fiduciary duty, and detrimental reliance.[63] "[I]f a plaintiff pleads a legal cause of action in his complaint, he may not also assert a claim for unjust enrichment, because the latter is precluded by the availability of the former."[64] "[I]t is not the success or failure of other causes of action, but rather the existence of other causes of action, that determine whether unjust enrichment can be applied."[65] Having pled other causes of action, the Plaintiff is precluded from seeking to recover under unjust enrichment.[66]

Accordingly, Plaintiff's claim for recovery under the theory of unjust enrichment cannot stand under Louisiana law.

**IT IS ORDERED** that the Defendant's motion for judgment on the pleadings with respect to Plaintiff's claim for unjust enrichment is **GRANTED**. The Plaintiff's claim for unjust enrichment is **DISMISSED WITH PREJUDICE**.

Accordingly;

## CONCLUSION

**IT IS ORDERED** that the Defendant's motion for judgment on the pleadings is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Plaintiff's claims for breach of fiduciary duty and unjust enrichment are **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana, this 2nd day of March, 2017.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[63] R. Doc. 1-1 at ¶¶ 25–28.
[64] *Alford*, 2014 WL 1612454, at *24 (citing *Port of S. La. V. TriParish Indus., Inc.*, 927 F. Supp. 2d 332, 341 (E.D. La. 2013).
[65] *Garber v. Badon & Ranier*, 981 So. 2d 92, 100 (La. Ct. App. 3 Cir. 4/2/08).
[66] *Walters*, 30 So. 3d at 242.